```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
SUZANNE MURRAY,

                          Plaintiff,           14-CV-6015T

            v.                                 **DECISION
                                               and ORDER**
CAROLYN W. COLVIN, Acting Commissioner
of Social Security

                          Defendant.
_____
```

INTRODUCTION

Plaintiff Suzanne Murray ("Murray") brings this action pursuant to Titles II and XVI of the Social Security Act, (codified at 42 U.S.C. § 401 et. seq., and 42 U.S.C. § 1381 et seq., respectively) claiming that the Commissioner of Social Security improperly denied her application for disability benefits and/or supplemental security income.  Specifically, Murray alleges that the decision of Administrative Law Judge ("ALJ") John P. Costello denying plaintiff's application for benefits was erroneous because the ALJ failed to consider all of her impairments in determining her capacity to perform work; improperly determined that plaintiff was not credible; and failed to give appropriate weight to the opinion of plaintiff's treating physician, and the opinion of a consultative examiner.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law.  Murray opposes the defendant's motion, and moves for judgment on the pleadings in her favor.  For the reasons set forth below, I

grant the Commissioner's motion for judgment on the pleadings, and deny plaintiff's motion for judgment on the pleadings.

BACKGROUND

On January 21, 2011, plaintiff Suzanne Murray, a 49 year old former day care provider, applied for Social Security disability benefits and/or supplemental income security benefits claiming that she had become unable to work as of March 3, 2008 due to bulging discs, diabetes, left leg pain, and high blood pressure. Murray was denied benefits on April 13, 2011, and thereafter she requested an administrative hearing which was held on August 20, 2012 before ALJ Costello, at which hearing plaintiff was represented by a non-attorney advocate. At the hearing, plaintiff amended her disability onset date from March 3, 2008 to August 1, 2011.

On the basis of the hearing and the medical record, the ALJ found that although Murray suffered from a number of severe medical impairments including diabetes, degenerative disc disease in the lumbar region, a history of shoulder impingement and obesity, she did not have a disability as defined by 42 U.S.C. § 423(d) or 20 C.F.R. Part 404, Subpart P, Appendix 1 (listing specific impairments that constitute a disability under the Social Security Act), nor did she suffer from any condition or combination of conditions that were equivalent or more severe than any of the listed impairments that constitute a disability. Thereafter, Murray appealed the ALJ's decision to the Social Security Appeals Council, which denied plaintiff's appeal on November 7, 2013. After being granted an extension of time to appeal the

Commissioner's decision to this Court, Murray filed the instant action on January 9, 2014.

## DISCUSSION

I. <u>Jurisdiction and Scope of Review</u>

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Consolidated Edison Co. v NLRB</u>, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence contained in the administrative record. <u>See</u>, <u>Mongeur v. Heckler</u>, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." <u>Lynn v. Schweiker</u>, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that the ALJ's decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may

be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639 (2d Cir. 1988).

The Plaintiff also moves for judgment on the pleadings, contending that the ALJ failed to consider all of her medical impairments, including her alleged impairment of Complex Regional Pain Syndrome, which she claims is a serious impairment that, when considered along with her other impairments, renders her disabled. She further contends that the ALJ improperly failed to give controlling weight to the opinion of her treating primary care physician Dr. William Morehouse, and improperly afforded too much weight to the opinion of a consultative examiner, Dr. Melissa Brown. Finally, plaintiff alleges that the ALJ improperly determined that she was not fully credible with respect to her complaints of pain.

Because I find that the Commissioner's determination denying benefits is supported by substantial evidence, I grant the Commissioner's motion for judgment on the pleadings and deny plaintiff's motion for judgment on the pleadings.

II. <u>The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence on the record.</u>

Under the Social Security Act, a disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than 12 months . . . ." 42 U.S.C. § 423(d) (1991). Specifically, the ALJ found that while plaintiff suffered from diabetes, degenerative disc disease in the lumbar region, obesity, and a history of shoulder impingement, none of these conditions, either individually or combined, constituted an impairment or impairments under 20 C.F.R. 404.1501 et seq.  (Transcript of Administrative Proceedings at p. 17-18) (hereinafter "T."). The ALJ took into account plaintiff's subjective complaints of pain, as well as the opinions of treating and consulting physicians, and found that although she could not perform her previous work as a child care provider, she could perform, with some restrictions, light work as defined by the Social Security Regulations. (T. at p. 18).  The ALJ found that Murray had the residual functional capacity to perform light work, provided that the tasks she performed were routine, she could alternate between sitting and standing every 30 minutes, she engaged in only occasional overhead reaching and only occasional climbing of ramps and stairs, and she engaged in no crawling or climbing of ropes, ladders or scaffolds (T. at p. 18).  I find that the substantial evidence in the record supports the ALJ's findings.

    A.   The ALJ Properly Considered all of Plaintiff's Medical Conditions

Murray alleges that the ALJ failed to properly consider her diagnosed condition of Complex Regional Pain Syndrome in her right leg when he determined her residual functional capacity to perform work.  She contends she was diagnosed with the condition by pain specialist Dr. Jennifer Gargano ("Dr. Gargano") in July, 2012.

(T. at p. 382)  According to the plaintiff, the condition arose after she tripped and fell in July, 2011. (T. at p. 44, 363). According to the plaintiff, she injured her right foot and ankle during the fall, and pain from the injury persisted for several months, at which time her foot was placed in a cast. (T. at p. 44-47).  Despite having undergone nerve blocks, and having her foot placed in a cast, plaintiff contends that pain persisted, and that as a result, she was referred to pain specialist Dr. Gargano in February, 2012. Dr. Gargano noted that x-rays of the foot revealed no fractures, and diagnosed "probable" complex regional pain syndrome. (T. at p. 364) According to the Social Security Administration, Complex Regional Pain Syndrome ("CRPS"):

> is a chronic pain syndrome most often resulting from trauma to a single extremity. ... Even a minor injury can trigger .... CRPS. The most common acute clinical manifestations include complaints of intense pain and findings indicative of autonomic dysfunction at the site of the precipitating trauma. Later, spontaneously occurring pain may be associated with abnormalities in the affected region involving the skin, subcutaneous tissue, and bone. It is characteristic of this syndrome that the degree of pain reported is out of proportion to the severity of the injury sustained by the individual. When left untreated, the signs and symptoms of the disorder may worsen over time.

Social Security Ruling 03-02p.

Although Dr. Gargano reported that plaintiff likely suffered from Complex Regional Pain Syndrome, plaintiff reported improvement of her condition in April, 2012 when she described the foot pain as no longer her most significant pain. (T. at p. 369). In April, 2012, she reported to her primary care physician that she applied

pain medication in the form of patches directly to her foot and that the patches "really help." (T. at p. 449). Nevertheless, in July, 2012, Dr. Gargano diagnosed plaintiff as suffering from Complex Regional Pain Syndrome. (T. at p. 382). Later that month, however, plaintiff reported to Dr. Gargano's nurse that her right foot had improved, and that her more significant pain came from her lower back. (T. at p. 386). Murray reported the same improvement to Dr. Gargano in August, 2012, at which time Dr. Gargano no longer diagnosed plaintiff as suffering from the condition. (T. at p. 387).

I find that the ALJ properly considered plaintiff's right foot pain when determining her residual functional capacity. At the hearing, both plaintiff's advocate, and the ALJ questioned the plaintiff at length regarding the nature of the accident which resulted in her injury, the nature and duration of the pain it caused, and the treatment she received for her injury. (T. at pp. 44-48). Moreover, in his Decision denying benefits, the ALJ acknowledged that in addition to the conditions listed in her application for benefits, plaintiff further alleged that she suffered from problems with her hips, right shoulder, and right foot. (T. at p. 19). Thereafter, the ALJ recited the circumstances of the accident that led to plaintiff's right foot pain. (T. at p. 19). The ALJ reviewed plaintiff's treatment for her pain with a podiatrist, and then with Dr. Gargano. (T. at p. 20). He noted Dr. Gargano's February 2012 diagnosis of probable Complex Regional Pain Syndrome, but also noted plaintiff's reporting of improvements in her condition. (T. at p. 20).

Finally, the ALJ noted in his Decision that in August 2012, plaintiff reported improvement in her right foot pain. Accordingly, it is clear that the ALJ considered the issue of plaintiff's right foot pain, regardless of whether or not he characterized plaintiff as suffering from Complex Regional Pain Syndrome. It is clear from the ALJ's Decision that he considered the medical records regarding plaintiff's condition, as well as plaintiff's testimony at the hearing regarding the nature of her pain and its effect on her functional capacity. That the ALJ did not repeatedly refer to the condition by a specific name does not indicate that he did not consider the pain she experienced in her right foot. See Sassone v. Comm'r of Soc. Sec., 165 F. App'x 954, 959 (3d Cir. 2006)("We do not . . .require an ALJ to use 'magic words' in his analysis . . . . We simply require that the record be developed sufficiently to permit meaningful appellate review.") In the instant case, the ALJ adequately developed the record to permit meaningful review of his decision denying plaintiff benefits. The record is clear that the ALJ considered the nature, severity, and duration of plaintiff's right foot condition, and therefore I find that he properly considered all of plaintiff's ailments in determining her functional ability.

    B.    The ALJ Properly considered the Opinion of Plaintiff's Treating Physicians.

Murray alleges that the ALJ improperly failed to afford controlling weight to the opinion of her treating physician, who opined on August 6, 2012 that plaintiff was disabled as a result of being unable to, inter alia, work more than two hours per day,

stand for less than two hours a day, walk for less than two hours a day, and sit for less than two hours per day. (T. at p. 391).

An ALJ is required to give the opinions of the claimant's treating physicians controlling weight if the opinions are well-supported by the medical evidence in the record as a whole and are not inconsistent with substantial evidence in the record as a whole. 20 C.F.R. § 404.1527(d)(2). Further, when evaluating a claim, he must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and ··· educational background, age and work experience." Dumas v. Schweiker, 712 F.2d 1545, 1550 (2d Cir.1983) (quoting Miles v. Harris, 645 F.2d 122, 124 (2d Cir.1981)).  If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. Schisler v. Sullivan, 3 F.3d 563, 567 (2d Cir.1993). Moreover, even though an ALJ is free to choose between properly submitted medical opinions, he is not free to set their expertise against that of a physician who has submitted an opinion. See Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998). In addition, the ALJ must give good reasons in his decision as to the weight afforded the treating physicians' opinions. See Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999).

In the instant case, the ALJ articulated good reasons for declining to adopt the opinion of Dr. Morehouse that plaintiff was limited to no more than two hours of working, standing, walking, or

sitting in an 8 hour day. The ALJ noted that the objective medical evidence in the record did not support such significant physical limitations. There are no clinical or diagnostic findings in the record that would suggest such severe limitations to plaintiff's ability to function. Moreover, Dr. Morehouse's opinion that plaintiff was unable to walk, sit, stand or work for more than two hours as of August 17, 2011 specifically and explicitly contradicted his opinion of October, 2011, when he completed clearance paperwork for plaintiff to work as a daycare provider. (T. at p. 449) The October, 2011 opinion that plaintiff was able to work as a child care provider was rendered well after the accident involving plaintiff's right foot. Prior to that, Dr. Morehouse had opined in April, 2011 that plaintiff could work a 40 hour week. The ALJ properly noted the contradictions in Dr. Morehouse's opinions, as well as the lack of clinical findings or changes to plaintiff's condition that would support such a drastic reduction in her functional capacity. Accordingly, the ALJ properly explained his basis for not accepting Dr. Morehouse's August, 2012 opinion, and the basis relied upon by the ALJ is supported by the substantial evidence in the record.

    C.    The ALJ Properly Considered the Opinion of the <u>Consultative Physician</u>.

Plaintiff also alleges that the ALJ improperly afforded too much weight to the opinion of Dr. Melissa Brown, a consulting physician who examined plaintiff in April, 2011, shortly after plaintiff underwent gastric bypass surgery to treat her obesity. Dr. Brown found that plaintiff had only moderate limitations in

prolonged sitting, standing, and walking, and that those limitations were due to surgical restrictions from the recent surgery. The ALJ afforded great weight to the opinion of Dr. Brown on grounds that her opinion as to plaintiff's functional capacity was consistent with the objective medical evidence.

Plaintiff argues that Dr. Brown's opinion should not be afforded significant weight because it predates her amended date of disability; because it does not reflect the injury she suffered in August, 2011, and because plaintiff was under medical restrictions from her surgery at the time Dr. Brown examined her. I find, however, that the ALJ properly determined that Dr. Brown's opinion was entitled to great weight.

"The opinions of consulting sources 'may constitute substantial evidence if they are consistent with the record as a whole.'" Barringer v. Commissioner of Social Sec., 358 F.Supp.2d 67, 79 (N.D.N.Y.2005) (citing Mongeur, 722 F.2d at 1040.. Here, the opinion rendered by Dr. Brown is consistent with the medical evidence contained in the record. Although the doctor's opinion predates plaintiff's amended disability-onset date is not a basis for rejecting the opinion. Moreover, the fact that Dr. Brown rendered her opinion prior to plaintiff suffering an injury from her fall in August, 2011, does not negate the importance of the opinion. The ALJ noted that the objective medical evidence supported the doctor's opinion at the time it was rendered, and that plaintiff's medical condition did not change so severely from the time the opinion was given as to render the opinion devoid of value. Because there is substantial evidence in the record which

supports the ALJ's finding that plaintiff's condition had not changed significantly from the time Dr. Brown rendered her opinion to the date of plaintiff's hearing, and because there is substantial evidence in the record to support Dr. Brown's opinion, I find that the ALJ properly determined that Dr. Brown's opinion was entitled to great weight.

    D.    <u>The ALJ Properly Assessed Plaintiff's Credibility.</u>

Plaintiff alleges that the ALJ failed to properly consider her subjective complaints of pain, and improperly found that she was not credible. In support of this claim, plaintiff contends that it is medically understood that her condition of Complex Regional Pain Syndrome can result in significant pain that seems out-of-proportion to the injury sustained. Plaintiff alleges that her complaints of severe pain are consistent with Complex Regional Pain Syndrome, despite the fact that clinical and diagnostic findings do not suggest such severe pain.

I find, however, that the ALJ appropriately evaluated plaintiff's subjective complaints, and found that her complaints were not entirely credible. "It is the function of the Commissioner, not the district court to appraise the credibility of witnesses, including the plaintiff." <u>Serra v. Sullivan</u>, 762 F.Supp. 1030, 1034 (W.D.N.Y. 1991)(citation omitted). Where, as in this case, the ALJ has supported his reasons for finding that the plaintiff is not credible, the court "must defer to the credibility determination made by the ALJ, who observed the demeanor of the plaintiff." <u>Id.</u> (citation omitted). <u>See</u> <u>also</u> <u>Rivera v. Schweiker</u>, 717 F.2d 719, 724 (2d Cir. 1983) ("It is within the province of the

ALJ to reject the claimant's self-serving allegations of pain," so long as his judgment is rendered "in light of all the evidence regarding the extent of the pain.")

In this case, the record reveals that plaintiff repeatedly reported pain of 8, 9, or 10 on a scale of 1-10 (with ten being a level that requires emergency care) during many of her doctor's visits, and to the Social Security Administration. At the hearing before the ALJ, plaintiff reported a pain level of 9 out of 10, yet appeared to be in no distress. On February 11, 2012, plaintiff reported a pain level of 10 out of 10 to Dr. Gargano regarding her right foot pain. (T. at p. 363). On June 18, 2012, she reported pain of 8 to 10 out of 10 for multiple painful areas. (T. at p. 375). In all of these cases, however, Dr. Gargano noted that plaintiff was in no acute distress. (T. at p. 364, 376). On April 2, 2012, plaintiff reported pain of 10 out of 10 with regard to pain emanating from her back, and Dr. Gargano found her to be "anxious" and in "moderate distress". (T. at p. 369). The ALJ's finding that plaintiff was not entirely credible is supported by the record which demonstrates that plaintiff often reported severe pain that was not consistent with her demeanor, and not consistent with the objective medical evidence. Even accounting for her alleged Complex Regional Pain Syndrome, plaintiff's reports of pain resulting from her other conditions were not consistent with the objective medical evidence, nor the activities that plaintiff engaged in, including attending two-hour church services twice a week. Accordingly, I find that the ALJ properly exercised his discretion in determining plaintiff's credibility.

CONCLUSION

For the reasons set forth above, I grant defendant's motion for judgment on the pleadings, deny plaintiff's motion for judgment on the pleadings, and dismiss plaintiff's complaint with prejudice. I find that the ALJ's decision denying plaintiff's claim of disability is supported by substantial evidence in the record.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         March 27, 2015